IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EVERETT JOHNSON,

    Petitioner,                  No. CIV S-05-0385 DFL GGH P

    vs.

CLAUDE E. FINN, et al.,         <u>ORDER AND</u>

    Respondents.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1977 petitioner was convicted in San Diego County of first degree murder and sentenced to life with the possibility of parole. In the instant petition, petitioner challenges the December 2001 decision by former Governor Gray Davis to reverse the August 2001 decision by the California Board of Prison Terms (BPT) finding him suitable for parole. The 2001 hearing was petitioner's twelfth suitability hearing.

        This action is proceeding on the amended petition filed July 19, 2005, which challenges the Governor's decision to reverse the BPT on the following grounds: 1) the decision lacked individualized consideration; 2) the decision was made pursuant to an illegal "no parole" policy; 3) the decision was not supported by some evidence; 4) the decision violated petitioner's plea agreement; 5) the decision violated the Ex Post Facto Clause and constituted an illegal bill

1

of attainder; and 6) petitioner's continued incarceration violates the Eighth Amendment.

On January 19, 2006, the undersigned recommended that the petition be granted on grounds that the Governor's decision to reverse the 2001 decision by the BPT finding petitioner suitable for parole violated due process because the decision was not supported by some evidence. Specifically, the undersigned found that contrary to Biggs v.Terhune, 334 F.3d 910, 913 (9th Cir. 2003), the Governor relied on an unchanging parole eligibility factor in determining that parole should be denied because of the seriousness of the crime. In the January 19, 2006, findings and recommendations, the undersigned declined to address petitioner's remaining claims. See Phillips v. Vasquez, 56 F.3d 1030, 1036 (9th Cir. 1995), citing Blazak v. Ricketts, 971 F.2d 1408 (9th Cir. 1992) (where appropriate, district courts may decline to address all claims raised in a habeas corpus petition).

On March 31, 2006, the Honorable David F. Levi declined to adopt the findings and recommendations. While Judge Levi agreed with this court that petitioner has a liberty interest in parole, he disagreed with the standard applied by this court in finding a violation of petitioner's due process rights. Judge Levi found that under In re Dannenberg, 34 Cal.4th 1061 (2005), petitioner had a liberty interest which required that the Governor find, based on some evidence, that there were aggravating factors in the crime that went beyond the minimum elements of the crime which suggested that petitioner remained a danger to public safety. March 31, 2006, Order, p. 2: 20-23. Judge Levi found that in the instant case, "[t]here is no question that such aggravating factors exist here." Id., p. 2: 23. Judge Levi then referred this action to the undersigned for such further proceedings as may be appropriate.

Because under In re Rosencrantz, 29 Cal. 4th 616, 682 (2002), a finding that the seriousness of the crime resulting in incarceration may by itself warrant a denial of parole eligibility, and because Judge Levi found that the Governor's decision to reverse the BPT was supported by sufficient evidence with respect to this eligibility factor, the issues that remain to be

\\\\\

decided are those that the undersigned declined to address in the January 19, 2006, findings and recommendations. The court will now address these issues.

Petitioner argues that the Governor's decision lacked individualized consideration. As stated in the January 19, 2006, findings and recommendations, this claim appears to be encompassed by his claim alleging insufficient evidence. Accordingly, the court will not separately address this claim.

Petitioner argues that the Governor's reversal of parole pursuant to Cal. Penal Code § 3041.2 violated the Ex Post Facto Clause. In Johnson v. Gomez, 92 F.3d 964 (9th Cir. 1996), the Ninth Circuit held that Cal. Penal Code § 3041.2, authorizing the Governor to grant or deny parole, does not violate the Ex Post Facto Clause. Petitioner argues that since Johnson, the United States Supreme Court issued a decision that changes the analysis regarding ex post facto laws, i.e. Garner v. Jones, 529 U.S. 244, 120 S. Ct. 1362 (2000). See also In re Rosencrantz, 29 Cal. 4th 616, 637-652 (2002).

In Garner, a Georgia inmate challenged a retroactive administrative adjustment of the period between parole reviews under the Ex Post Facto Clause. The Supreme Court held that the Eleventh Circuit's analysis failed to reveal conclusively whether or not the retroactive change in time period violated the Clause, and also provided detailed guidance for how such claims should be resolved in the future. Garner did not address the issue of whether a law authorizing a governor to grant or deny parole violates the Ex Post Facto Clause. Accordingly, this court will follow the Ninth Circuit's decision in Johnson v. Gomez. Pursuant to Johnson, this claim should be denied.

Petitioner also argues that the § 3041.2 constitutes an illegal bill of attainder. This claim is without merit. See Nixon v. Administrator, 433 U.S. 425, 468, 97 S. Ct. 2777, 2803 (1977) (defining bill of attainder as an act of legislative outlawry that imposes disabilities on an individual on account of his misconduct, but without a trial).

\\\\\

3

1       Petitioner claims that the Governor's decision to reverse the BPT violates his plea
2 agreement.  Petitioner claims that when he pled guilty, he understood that he would be released
3 when the BPT found him suitable for parole.  Petitioner also argues that his continued
4 incarceration violates the Eighth Amendment.  These two claims, in essence, argue that
5 petitioner's sentence has been converted from life with parole to life without parole.  While
6 continuous reliance on the seriousness of the crime may lead to such a de facto result, such a
7 claim is encompassed by petitioner's claim challenging the sufficiency of the evidence of the
8 Governor's decision to reverse the BPT.  For the reasons discussed above, these claims should be
9 denied.

10       Finally, petitioner argues that he has been denied parole pursuant to a no-parole
11 policy.  The California Supreme Court rejected such a claim in <u>In re Rosenkrantz</u>, 29 Cal.4th
12 616, 128 Cal. Rptr. 2d 104 (2002).  More importantly, because some evidence existed to support
13 the Governor's decision reversing the BPT, the issue of whether a no-parole policy existed is
14 moot.  Accordingly, this claim should be denied.

15       On April 18, 2006, petitioner filed a motion for discovery regarding his ex post
16 facto and no parole policy claims.  Because the court recommends that these claims be denied for
17 the reasons discussed above, petitioner's motion for discovery is denied.

18       Accordingly, IT IS HEREBY ORDERED that petitioner's April 18, 2006, motion
19 for discovery is denied;

20       IT IS HEREBY RECOMMENDED that petitioner's claims not previously
21 addressed be denied.

22       These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:   6/2/06

                                        /s/ Gregory G. Hollows

ggh:kj                                  GREGORY G. HOLLOWS
john385.hab                             UNITED STATES MAGISTRATE JUDGE