IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EVERETT JOHNSON,

    Petitioner,                      No. CIV S-05-0385 DFL GGH P

    vs.

CLAUDE E. FINN, et. al.,

    Respondent.                  FINDINGS AND RECOMMENDATIONS[1]

        The United States Court of Appeals for the Ninth Circuit has instructed the district court to grant petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254, but has not described the precise way in which it should be granted. (Doc. No. 53.)

        Most writs of habeas corpus are granted conditionally, such that the respondent is provided an opportunity to redo the deficient proceeding in lieu of releasing the inmate from custody. Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994) ("Generally, a district court ruling in the petitioner's favor in a habeas case provides a reasonable time in order to afford the State an opportunity to re-try the defendant or otherwise correct the constitutional infirmity.")

---

[1] These Findings and Recommendations presume that the mandate will have issued prior to the time for filing objections and reply. If the time for issuing a mandate has not passed, or other reasons exist for not going forward with a judgment at this time, the district judge's order will so reflect.

1

1 Here, however, it would make little sense to grant a conditional writ, as the Ninth Circuit has
2 already determined that then-Governor Davis erroneously found "some evidence" of petitioner's
3 future dangerousness based on the record before him. (Doc. No. 53 at 2.) There would be no
4 point in sending petitioner's record to the current Governor for re-evaluation of a question
5 already decided by the circuit court. Accordingly, the undersigned recommends that the writ be
6 unconditionally granted. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal
7 courts have a fair amount of flexibility in fashioning specific habeas relief. . . . The court is free
8 to fashion the remedy as law and justice require[.]"), citing Sanders, supra, 21 F.3d at 1461
9 (internal quotation marks and citations omitted).

10          In so doing, the undersigned recognizes that California statutes provide a matrix
11 system, codified at Cal. Code Regs., tit. 15, § 2282, to assist the Board of Parole Hearings
12 ("Board") in arriving at a base term for life prisoners after a prisoner is found suitable for parole.
13 See id., § 2280 ("A parole date shall be set if the prisoner is found to be suitable for parole . . . in
14 a manner that provides uniform terms for offenses of similar gravity and magnitude in respect to
15 the threat to the public.") Upon issuance of the writ, the Board should apply this matrix as if then-
16 Governor Davis had affirmed its 2001 decision to grant parole to petitioner. If application of the
17 matrix shows that petitioner should have been released by this time, he should be released
18 immediately. Alternatively, if application of the matrix indicates that petitioner should be
19 released at some future date, he should remain in custody until that time.

20          Accordingly, IT IS HEREBY RECOMMENDED that a judgment be entered with
21 the following:

22          1. Petitioner's petition for writ of habeas corpus (Doc. No. 1, Attachment 1) be
23 granted;

24          2. The Governor's December 2001 decision reversing the Board's August 2001
25 finding that petitioner was suitable for parole be vacated;

26          3. The Board implement its August 2001 decision finding petitioner suitable for

parole; and

        4. Within thirty days of an adopted order and judgment, respondent notify the court of petitioner's parole date and, if that date has passed, whether petitioner has been released.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within *fourteen* days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within *seven* days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2010

        /s/ Gregory G. Hollows

        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH:0014
john0385.remand