IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EVERETT JOHNSON,

    Petitioner,                    No. CIV S-05-0385 DFL GGH P

    vs.

CLAUDE E. FINN, et. al.,            ORDER

    Respondent.

/

        The issue before the court is how to comply with a Ninth Circuit directive regarding the release and supervision of a prisoner who, in federal habeas corpus proceedings, successfully challenged a 2001 gubernatorial reversal of his grant of parole.

        On September 3, 2010, the United States Court of Appeals for the Ninth Circuit instructed the district court to grant petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the circuit court has yet to issue a mandate or fully relinquish jurisdiction of the matter. Rather, on November 9, 2010, the Ninth Circuit ordered that "[r]espondents' motion to stay the mandate is granted temporarily. We remand this case on a limited basis and direct the district court to set the conditions of Appellant's release so that he may be located and reincarcerated should the Supreme Court reverse the panel's judgment." The Ninth Circuit further ordered that "[t]he Clerk shall issue the mandate seven days after the district court issues its order setting the conditions of release." (Doc. 60.)

1

1   On November 12, 2010, the undersigned ordered the parties to appear before the
2   court to fashion conditions of petitioner's release.  (Doc. 61.)  On November 19, 2010, the parties
3   filed "Stipulated Conditions of Release" providing for petitioner to be released to the United
4   States Marshall, Pretrial Services Agency, under various conditions, including residency in a
5   transitional living program in San Francisco, California.  (Doc. 62.)  Also on that date, the parties
6   appeared before the undersigned to discuss the proposed conditions of release, and particularly
7   the issue of which agency – state or federal – should be charged with petitioner's supervision in
8   the interim period while any petition by respondents for grant of certiorari by the United State
9   Supreme Court is pending in this matter.

10   The undersigned admits to some confusion as to what the Ninth Circuit has
11   directed the district court to do in its "limited remand."  As no mandate from that court has
12   issued, and indeed will not issue until after the district court "set[s] conditions of release," there
13   is some question as to whether the district court currently has jurisdiction to order petitioner's
14   release pursuant to such conditions.  (See Doc. 60.)  Yet, the undersigned does not believe that
15   the Ninth Circuit intended this court to file an order simply directing petitioner, upon release, to
16   report to his state parole officer and fulfill the usual terms and conditions of parole, because in
17   that case there would have been no reason for the Ninth Circuit to refrain from issuing the
18   mandate at the same time as its directive.  The Ninth Circuit, by its words, must have intended
19   *federal* supervision after petitioner was released, at least until the end of proceedings in the
20   Supreme Court.

21   Moreover, the undersigned does not believe that the Ninth Circuit was ordering
22   the fashioning of terms and conditions of release for a seven day period prior to the issuance of
23   the mandate, only to have those terms and conditions immediately lapse in favor of state parole
24   conditions when petitioner was actually released.  Such a fashioning of federal conditions would
25   be, in that case, a completely idle act, i.e., the federal conditions would never actually come into
26   effect.

On the other hand, the court's jurisdiction to fashion "parole" terms and conditions upon release normally would expire at the time the mandate is issued. The court can generally order the release of a petitioner, but this is usually subject in the vast majority of cases to the complementary or alternative institution of appropriate state procedures – here, state parole upon release. And it is very unusual, if not jurisdictionally prohibited, for the federal hand to hover over those state procedures. The limited role of the federal court does not encompass fashioning the terms and conditions of petitioner's parole/release requirements under state law.[1]

Ultimately, although unusual, the undersigned concludes that the circuit court did not remand as an idle act, but intended the district court's limited jurisdiction to encompass the ability to order petitioner's release, subject to conditions such as would allow him to "be located and reincarcerated should the Supreme Court reverse the panel's judgment." (Id.) The undersigned interprets this to mean that petitioner is to be released under federal supervision until such time as his federal habeas proceedings are completely put to rest – i.e., until respondents decline to file for writ of certiorari within the prescribed period; or until the United States Supreme Court denies the writ; or until the Supreme Court, having granted the writ, issues a decision in this matter. Thus, the undersigned will order that petitioner be released, subject to the conditions stipulated by the parties and such additional conditions as set forth below.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner Robert Everett Johnson is ordered released, subject to the Parties' Stipulated Conditions of Release (Doc. 64, Attachment 1) as of the date he appears in the courtroom of the undersigned, and in no event later than December 6, 2010; the undersigned will issue a writ commanding his appearance in a separate document.

---

[1] For example, after the grant of a writ invalidating a conviction, if a custodian were ordered to commence criminal proceedings within 60 days or release petitioner, a typical order in a habeas grant, it is beyond the undersigned's jurisdictional experience to fashion the precise terms and conditions (procedures) for those criminal proceedings. The criminal proceedings would proceed according to state law.

3

2. Pursuant to the Stipulated Conditions, petitioner will report in person to the Pretrial Services Agency on the first working day following his release from custody.

3. The Parties' Stipulated Conditions of Release shall remain in effect until either: respondents fail to file a petition for writ of certiorari by the deadline of January 18, 2011; or the United States Supreme Court issues a denial of writ of certiorari; or the United States Supreme Court issues a decision in this matter pursuant to a grant of certiorari.  Respondents are to keep the court apprised as to when any of the above events occur.

4. The Clerk of Court is directed to serve copies of this Order and the Parties' Stipulated Conditions of Release (Doc. 64, Attachment 1) on the United States Court of Appeals for the Ninth Circuit, Case No. 06-17402.

5. The Clerk of the Court is directed to serve a courtesy copy of this order on the Out-To-Court Desk, Avenal State Prison - P.O. Box 8, Avenal, California 93024.

DATED: November 22, 2010                    /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

GGH:0014
john0385.rel2