IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EVERETT JOHNSON,

      Petitioner,                        No. CIV S-05-0385 JAM GGH P

      vs.

CLAUDE E. FINN,

      Respondent.                     <u>ORDER</u>

_____/

      On February 10, 2012, the United States Court of Appeals for the Ninth Circuit affirmed and remanded this habeas petition with instructions to vacate the grant of habeas corpus. A review of this court's docket reflects that no judgment *granting* the habeas petition has been entered. Instead, on October 2, 2006, this court *denied* the habeas petition and entered judgment, which judgment was reversed by the Court of Appeals on September 3, 2010, and remanded with instructions to grant the writ. On September 14, 2010, the undersigned entered findings and recommendations that the petition be granted, in accordance with the Court of Appeals' remand order. Because the Court of Appeals had not yet issued its mandate, on September 20, 2010, the undersigned vacated those findings and recommendations. On June 13, 2011, the Court of Appeals' September 3, 2010 order was itself vacated by the United States Supreme Court and remanded to the Court of Appeals for further consideration. The Court of Appeals' February 10,

1

1  2012 decision followed, and the mandate was docketed in this court on March 5, 2012.

2  A review of the Court of Appeals' February 10, 2012 decision reflects that the appeals court affirms this court's prior October 2, 2006 judgment denying the petition. Indeed, the text of the opinion indicates that the district court had denied the petition. Opinion at 3. Based on the history of this petition, and the text of the opinion, the current remand instruction to vacate must be an inadvertent error. Accordingly, in order to follow the logic of the various decisions recounted above, the court's October 2, 2006 judgment remains in effect.

IT IS SO ORDERED.

DATED: March 20, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
john0385.order after remand